UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOHN CHEN,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>ANDREW CAMPBELL and ANDREW HARTSTONE, INTERNAL REVENUE SERVICE,<br><br>　　　　　Defendants. | Case No. C17-149 RSM<br><br>ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL |

　　　This matter comes before the Court on Plaintiff's Amended Motion to Appoint Counsel, Dkt. #4. Plaintiff argues that he needs court-appointed counsel because his prior counsel was ineffective, he is unemployed with financial difficulties, and because he has sought the involvement of several attorneys who were "unwilling to pick up a case went bad (sic) and the amount of claims allowed compared to the length and cost." Dkt. #4 at 1. Plaintiff states that he has "studied my case and prepared my evidences but the IRS had taken the advantage of me before legally and culturally (sic)." *Id.*

　　　In "exceptional circumstances," a district court may appoint counsel for indigent civil litigants. 28 U.S.C. § 1915(e)(1); *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F.3d 952 (9th Cir. 1998). To decide whether exceptional

ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL - 1

circumstances exist, the Court must evaluate both "the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts showing he has an insufficient grasp of his case or the legal issues involved and an inadequate ability to articulate the factual basis of his claims. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

In this case, given Plaintiff's income, assets, and expenses, it appears that Plaintiff can afford counsel. *See* Financial Affidavit, Dkt. #2 at 4. Even if Plaintiff could not afford counsel, Plaintiff appears capable of preparing his own case and presenting it to the Court in an understandable fashion. Based on the limited record before the Court, it is not clear that Plaintiff's claims are likely to succeed on the merits. Taking all of this into consideration, the Court finds that this case lacks the "exceptional circumstances" necessary to appoint counsel and will deny Plaintiff's Motion.

Having reviewed the relevant briefing, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS that Plaintiff's Amended Motion to Appoint Counsel (Dkt. #4) is DENIED.

DATED this 3 day of April 2017.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL - 2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL - 3